PERICÁS, DEMANDANTE Y APELANTE, v. THE PORTO RICO DRUG COMPANY, DEMANDADA Y APELADA.

APELACIÓN procedente de la Corte de Distrito de Ponce en pleito sobre daños y perjuicios.

No. 2583.—Resuelto en noviembre 10, 1922.

DAÑOS Y PERJUICIOS—PRUEBA.—En el presente caso se reclamaron daños y perjuicios contra una droguería porque habiendo recetado el médico inyecciones de Serobacterina Estafilocócica Mixta de Mulford para ser administradas a un enfermo despachó y le fué puesta una inyección de Serobacterina Estafilococica Simple de Mulford, alegándose que tal sustitución sin permiso del médico impidió ponerle la inyección que había de producirle resultado beneficioso y fué causa de la muerte del enfermo. *Se resolvió:* que habiendo demostrado la prueba que dada la intensidad de la invasión microbiana la inyección recetada no hubiera tenido resultado alguno favorable, si hubiera sido puesta, no cometió error la corte inferior al estimar que la sustitución no fué la causa de la muerte.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. C. Brunet.*

Abogado de la apelada: *Sr. J. Tous Soto.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

El niño Luis Pericás, de unos doce años de edad, llegó enfermo a su casa en la tarde de un jueves del mes de noviembre de 1920 y visitado por un médico a las doce del día siguiente encontró que tenía un dolor de oído bastante pronunciado, se quejaba mucho de él, y tenía fiebre y síntomas catarrales en la nariz y en la garganta, siendo su diagnóstico entonces de otitis, o sea, inflamación del oído medio, y le recetó unas gotas calmantes para el oído, una poción para tomar y que le pusieran una inyección de Serobacterina Estafilocócica Mixta de Mulford como preventiva. Una enfermera puso la inyección al niño esa tarde a las dos. Avisado el médico de que el enfermo estaba grave lo visitó otra vez a las 5 de la tarde y encontrándolo con meningitis ordenó que inmediatamente fuera llevado a un hospital lo que se hizo en seguida. No pudo entonces hacerle la punción lumbar, parece que por falta de agujas apropiadas, pero la practicó al día siguiente (sábado) y

dispuso que se le pusiera otra inyección de las que había re-
cetado.   Entonces se notó que la botica no había entregado el
día anterior las inyecciones recetadas y que las sustituyó por
otras de Serobacterina Estafilocócica Simple de Mulford,
siendo de esta clase la inyección puesta al niño el día anterior,
por lo que ordenó que se buscase la que había sido recetada
y entonces la botica entregó la Mixta y de esta clase fué la
segunda inyección que se le puso al niño, quien murió a la
una de la tarde.   Después fué hecho el exámen del líquido ra-
quídeo cerebral extraído en la punción lumbar hecha por la
mañana.

El padre del niño demandó a la corporación "Porto Rico
Drug Company," cuya botica en Ponce fué la que entregó la
inyección sustituída y le reclamó el pago de cierta cantidad
de dinero como indemnización por la muerte de su hijo, ale-
gando que por su conducta no se puso al enfermo la inyec-
ción que le fué recetada dando así lugar a que la enfermedad
tomara un rápido desarrollo que impidió se suministraran al
paciente los elementos necesarios para combatir la enferme-
dad.   Celebrado el juicio recayó sentencia declarando sin lu-
gar la demanda, fundada en que el medicamento sustituído no
puso en peligro la vida o salud del paciente ni le hizo daño de
ninguna clase porque debido al curso agudo que tomó la en-
fermedad la invasión microbiana fué tan intensa que la apli-
cación del medicamento recetado no hubiera tenido efecto al-
guno favorable, al igual que no lo tuvo el medicamento sus-
tituído.

Apelada esa sentencia expone el demandante en su alegato
escrito para sostener su recurso que son erróneas las conclu-
siones a que llegó la corte inferior pues la teoría de su deman-
da es que si bien el medicamento sustituído no produjo efecto
alguno, sin embargo, impidió que se suministrara al paciente
la medicina que le iba a causar efecto beneficioso y puso en pe-
ligro su vida.

Admitido por el apelante que la medicina sustituída no pro-

dujo efecto alguno en el niño, la cuestión a decidir ahora es si la corte sentenciadora cometió error al estimar que dado el curso agudo de la enfermedad la inyección recetada no hubiera tenido efecto alguno favorable si hubiera sido aplicada.   Sobre extremo tan importante informaron al tribunal dos médicos, uno por cada parte.

El fundamento de la teoría del apelante es que conteniendo la inyección Mixta recetada Estafilococos áureos, Estafilococos Albos, Estreptococos, Colibacilos y Neumococos, de cuyas tres últimas clases de bacterias carece la inyección Simple entregada por la botica, y habiendo demostrado el examen *post mortem* del líquido raquídeo cerebral que hubo en las meninges una gran invasión microbiana de neumococos causante de la muerte, por no contener neumococos la inyección entregada por la botica, no se pudo contrarrestar dicha invasión, toda vez que la Serobacterina Estafilocócica Mixta se receta como preventiva contra las enfermedades producidas por cualquier clase de bacterias que contiene.

Esas inyecciones son para poner cada 24 horas, están rotuladas A, B, C y D, contiene cada una doble cantidad de bacterias que la anterior y sus efectos inmunizantes no empiezan hasta 24 o 48 horas después de haber sido aplicadas, aunque no puede asegurarse que la inmunidad sea segura, y son necesarias tres o cuatro inyecciones para neutralizar los organismos vivos.

El médico que asistió al niño en su enfermedad y que fué presentado como perito por la parte demandante declaró, entre otras cosas, que la cantidad de neumococos contenida en la inyección A de la Serobacterina Estafilocócica Mixta que recetó no hubiera sido bastante para neutralizar los organismos vivos que había en las meninges; que si al niño Pericás se le hubiera puesto la inyección Mixta en lugar de la Simple no se hubiera curado ni tampoco con otra inyección más, dada la virulencia del caso, la intensidad de los síntomas y la rapidez con que se sucedieron hasta su muerte; que habiendo

sido puesta la inyección Mixta antes de la infección cerebral podía haber tenido algún efecto; que según la información que se le dió en la casa al visitar al paciente por segunda vez por la tarde, cuando la inyección le fué puesta tenía los síntomas de la meningitis y que el caso no podía tratarse de otra manera que con la punción lumbar y las inyecciones. Por su parte el perito médico de la parte demandada declaró entre otras cosas, que la enfermedad que tuvo el niño fué una otitis supurada y como consecuencia una meningitis; que la inyección A de la Serobacterina Estafilocócica Mixta puesta poco después de la primera visita del médico, y una segunda a las 24 horas, no podían tener ninguna acción dada la infección que tenía el enfermo; que no. había otra solución que abrir el foco infectado; que si la inyección hubiera sido puesta antes de la menigitis hubiera podido tener alguna acción preventiva pero que según los síntomas la infección en las meninges se desarrolló antes de ser puesta la primera inyección; que una meningitis como la que se desarrolló en el niño Pericás no se trata con bacterias sino yendo inmediatamente a la punción lumbar y a la operación para descubrir y buscar el foco y que el uso de sueros es perder el tiempo y morirse el enfermo.

Las anteriores manifestaciones de esos peritos nos llevan a la conclusión de que el haber dejado de ponerse al enfermo la inyección mixta cuando fué recetada, por haber entregado la botica la simple, no fué la causa de la muerte dado el desarrollo de la enfermedad y que por tanto la corte inferior no cometió error al estimar que debido a lo intensa de la invasión microbiana la aplicación del medicamento recetado no hubiera tenido efecto alguno favorable.

La sentencia apelada debe ser confirmada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociado Hutchison.

Los Jueces Asociados Sres. Wolf y Franco Soto no intervinieron en la resolución de este caso.